IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-039-JFH |
| MATHIS LAQUAN GIVENS, JR., | |
| Defendant. | |

### OPINION AND ORDER

Before the Court is a Notice of Intent to Admit Evidence as *Res Gestae*, or, in the Alternative, under Federal Rule of Evidence 404(b) ("Notice") filed by the United States of America ("Government"). Dkt. No. 31. Also before the Court is an objection to the Government's Notice filed by Defendant Mathis Laquan Givens, Jr. ("Defendant"). Dkt. No. 32. For the following reasons, the evidence described in the Government's Notice is INADMISSIBLE and Defendant's objection is SUSTAINED.

### BACKGROUND

On March 13, 2024, Defendant was charged by indictment with one count of Dealing in Firearms without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D). Dkt. No. 2. Specifically, the indictment alleges that between February 1, 2022 and June 30, 2023, Defendant engaged in the business of dealing in firearms without being a licensed dealer of firearms. *Id*. This case is set for trial on the Court's September 30, 2024 jury trial docket. Dkt. No. 21.

On August 12, 2024, the Government filed its Notice setting forth other crimes, wrongs, and acts that it intends to introduce at trial as *res gestae* evidence, or, in the alternative, as Fed. R.

Evid. 404(b) evidence. Dkt. No. 31 at 1. Specifically, the Government intends to introduce evidence of four (4) instances involving firearms it alleges were sold by Defendant.

First, the Government intends to introduce evidence of a shooting that occurred on or about March 7, 2022 at Big Cheef Dispensary in Muskogee, Oklahoma, as well as evidence of a nearby "disturbance" that occurred that same day at Kush Shack in Muskogee, Oklahoma. *Id*. The Government alleges that as a result of an investigation into the shooting and disturbance, law enforcement discovered a vehicle with bullet holes and seized four (4) Glock handguns at the Kush Shack, including a Glock, 33, .357 sig, with serial number BTCN837 ("Firearm 1"). *Id*. Next, the Government intends to introduce evidence of a traffic stop conducted by the Muskogee Police Department on or about March 7, 2022, which resulted in the seizure of seventeen (17) grams of marijuana and several firearms, including a Glock, model 30, .45 caliber, with serial number PBM895 ("Firearm 2"). *Id*. The Government also intends to introduce evidence of the execution of a search warrant for illegal possession of a controlled substance at a property in Tulsa, Oklahoma on or about October 13, 2022, which resulted in the seizure of controlled substances and a Glock, 23, 40s&w, with serial number LGX804 ("Firearm 3"). Dkt. No. 31 at 2. Finally, the Government intends to introduce evidence of a shooting which occurred at an exchange of controlled substances on or about June 6, 2023, in which a Glock, 43X, 9mm, with serial number BWVH553 ("Firearm 4") was seized by law enforcement. *Id*. The Government further intends to introduce evidence that firearm and toolmark analysis of shell casings from a May 3, 2022 shooting in Muskogee, Oklahoma indicate that Firearm 4 was used in that shooting as well. *Id*.

Defendant was not directly involved in these other crimes, wrongs, or acts. However, the Government asserts that evidence at trial with show that Firearms 1, 2, 3, and 4 were all sold by Defendant. Dkt. No. 31 at 3-4. For this reason, the Government argues that the instances described

in its Notice constitute *res gestae* evidence because they are essential to establishing that Defendant engaged in the regular and repetitive purchase and disposition of firearms for criminal purposes. In the alternative, the Government argues that the instances described in its Notice are admissible under Fed. R. Evid. 404(b) to show Defendant's intent, motive, knowledge, absence of mistake, and lack of accident in selling the firearms. *Id*. at 5.

## AUTHORITY AND ANALYSIS

Evidence of other crimes or bad acts is not admissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of other crimes or bad acts is admissible if it constitutes *res gestae* evidence, or intrinsic evidence. Evidence is considered "intrinsic" when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009). Even if extrinsic, evidence may still be admissible if (1) it is offered for a proper purpose—such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, (2) it is relevant, (3) its probative value is not substantially outweighed by the prejudicial effect, and (4) if requested, a limiting instruction may be given. Fed. R. Evid. 404(b); *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

The relevant statute in this case, 18 U.S.C. § 922(a)(1)(A), prohibits anyone who is not "a licensed importer, licensed manufacturer, or licensed dealer" from "engag[ing] in the business of importing, manufacturing, or dealing in firearms." To succeed under this statute, the Government must prove the following elements:

*First*:    Defendant was a dealer in firearms between February 1, 2022 and June 30, 2023, engaged in the business of selling firearms at wholesale or retail;

>    *Second*:   Defendant engaged in such business without a license issued under federal law; and
>
>    *Third*:   Defendant did so willfully, that is, that Defendant was dealing in firearms with knowledge that his conduct was unlawful.

Pattern Jury Instructions for the Tenth Circuit, Criminal Instruction No. 2.41 (2021).

As applied to this statute, "engaging in the business" means "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms . . . ." 18 U.S.C. § 921(a)(21)(C). The term "to predominately earn a profit" means that "the intent underlying the sale or disposition of firearms is predominately one of obtaining pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection . . . ." 18 U.S.C. § 921(a)(22). However, proof of profit is not required where "a person [ ] engages in the regular and repetitive purchase and disposition of firearms *for criminal purposes* . . . ." *Id*. (emphasis added). The Government's Notice indicates that it intends to proceed on the theory that Defendant was engaged in the sale of firearms for criminal purposes. Dkt. No. 31 at 3.

The parties have not cited, and the Court has not found, case law explicitly defining "for criminal purposes." However, it is clear that the relevant inquiry is not whether a crime was subsequently committed with the firearm, but what knowledge and intention Defendant had at the time of the sale.

As indicated by the Tenth Circuit Pattern Jury Instructions, willfulness is an element of this offense. *See* Pattern Jury Instructions for the Tenth Circuit, Criminal Instruction No. 2.41 (2021); 18 U.S.C. § 924(a)(1)(D); *see also Bryan v. United States*, 524 U.S. 184, 189 (1998). Therefore, it is not enough to show that a firearm was subsequently used in a crime. To succeed on this claim, the Government must prove that Defendant knew at the time he sold the firearms that they were intended for criminal purposes. *Id*.; *see e.g., United States v. McConnell*, 464 F.3d 1152, 1155

(10th Cir. 2006) (evidence showed that at the time the firearm was purchased, the purchaser told the defendant "that he wanted to buy some more guns because he had some 'brothers' (allegedly meaning fellow gang members) coming from out of town who had 'to take care of a little situation'" and, further, that he "could not sign papers for gun purchases because he was a convicted felon."); *see also* Brief for Appellee at 9, *United States v. Shan*, 2003 WL 22737335 (9th Cir. Mar. 17, 2003) (the parties stipulated that the defendant engaged in the sale of firearms for criminal purposes where the defendant was informed that the guns he was selling to the purchaser were going to be used to "'rip off gambling houses.'").

    The Court finds that the evidence described in the Government's Notice is not *res gestae* evidence. The four instances described in the Government's Notice are not directly connected to the factual circumstances of Defendant's alleged crime. As explained above, the Government need not show that the firearms were subsequently used in crimes to prove its case. Therefore, evidence of the other crimes is not necessary for a full presentation of the Government's case. Instead, the Government must show that Defendant had knowledge that the firearms were for criminal purposes at the time of the sale. Nothing about the other crimes indicate that Defendant had any knowledge whatsoever regarding the intended use of Firearms 1, 2, 3, and 4 at the time they were sold. The fact that these subsequent crimes occurred is not probative of Defendant's knowledge regarding the intended use of the firearms. While perhaps some of the other crimes occurred relatively close in time to Defendant's sale of the firearms, they occurred in various locations, involving different individuals and arising from different events than the charged offense. Therefore, this evidence does not provide germane background information or context to the jury

as to the charged crime.[1]  For these reasons, the evidence described in the Government's Notice is not admissible as *res gestae* evidence.

Likewise, the Court finds that the evidence described in the Government's Notice is not admissible under Fed. R. Evid. 404(b).  While the Government states that the evidence is offered to show Defendant's intent, motive, knowledge, absence of mistake, and lack of accident, simply stating a proper purpose under Rule 404(b) is not enough.  *See United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985).  The Government does not explain how evidence of events not involving Defendant and occurring after the sale of the firearms would show Defendant's intent or motive to sell the firearms for criminal purposes.  The Government also does not set forth the specific inferences to be drawn from these other crimes which would show Defendant's knowledge, absence of mistake, or lack of accident.  While the Government alleges that it can link Firearms 1, 2, 3, and 4 to Defendant, it has failed to provide any supporting circumstances which would link the other crimes to Defendant's knowledge that the firearms were intended for criminal purposes when they were sold.

Further, the Court finds that the probative value of this evidence, if any, is outweighed by the prejudicial effect.  Fed. R. Evid. 403.  The evidence described in the Government's Notice details crimes involving controlled substances, shootings, and other firearms, not connected to Defendant.  Dkt. No. 31 at 1-2.  Evidence of drugs, gun violence, and unrelated firearms are very likely to invoke an emotional response in the jury and have the tendency to adversely affect the jury's attitude toward Defendant wholly apart from its judgment as to his guilt or innocence.  Rather than assess Defendant's guilt or innocence of the crime charged, the jury would be tempted

---

[1] The Court acknowledges that the fact that the firearms were seized by law enforcement may be necessary for chain of custody purposes at trial.  However, the underlying details of the crimes which led to their seizure is not necessary.

to find that Defendant knew the firearms were intended for criminal purposes simply because crimes subsequently occurred. This is precisely the type of mental leap Rule 404(b) seeks to prevent. Additionally, because the evidence involves individuals, events, and circumstances completely separate from the charged crime, the Court finds that this evidence is also likely to confuse the issues and mislead the jury. Therefore, because the Government has not offered the evidence for a proper purpose and because the probative value of this evidence, if any, is outweighed by the prejudicial effect, the evidence described in the Government's Notice is not admissible as Rule 404(b) evidence.

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence described in the Government's Notice of Intent to Admit Evidence as *Res Gestae*, or, in the Alternative, Under Federal Rule of Evidence 404(b) at Dkt. No. 31 is INADMISSIBLE and Defendant's Objection at Dkt. No. 32 is SUSTAINED.

DATED this 3rd of September 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE